# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
MARIANN BIRD,                         *
                                      *       No. 19-1400V
                 Petitioner,          *       Special Master Christian J. Moran
                                      *
v.                                    *       Filed: August 8, 2022
                                      *
SECRETARY OF HEALTH                   *       Attorneys' Fees and Costs
AND HUMAN SERVICES,                   *
                                      *
                 Respondent.          *
* * * * * * * * * * * * * * * * * * * ** *
```

Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for
Petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 26, 2021, petitioner Mariann Bird moved for final attorneys' fees and costs. She is awarded **$32,649.57**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On September 12, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza vaccine she received on January 12, 2017, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer from acute inflammatory demyelinating polyneuropathy and chronic inflammatory demyelinating polyneuropathy. The parties filed a stipulation on April 21, 2021, which the undersigned adopted as his decision awarding compensation on the same day. 2021 WL 1979080 (Fed. Cl. Spec. Mstr. Apr. 21, 2021).

On October 22, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $35,471.60 and attorneys' costs of $325.13 for a total request of $35,796.73. Fees App. at 1. Pursuant to General Order No. 9, petitioner states that she has personally incurred costs of $400.00 in pursuit of this litigation. Id. On October 27, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*     \*     \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

2

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her counsel: for Ms. Sylvia Chin-Caplan, $414.00 per hour for work performed in 2017, $429.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019 and 2020, and $458.00 per hour for work performed in 2021; and for Mr. Timothy Mason, $247.00 per hour for work performed in 2019, $253.00 per hour for work performed in 2020, and $261.00 per hour for work performed in 2021. These rates are consistent with what Ms. Chin-Caplan and Mr. Mason have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See, e.g.,, Nunez v. Sec'y of Health & Human Servs., No. 14-863V, 2021 WL 3910605 (Fed. Cl. Spec. Mstr. July 27, 2021); Anderson v. Sec'y of Health & Human Servs., No. 02-1314V, 2018 WL 6787880 at *2 n.4 (Fed. Cl. Spec. Mstr. Nov. 16, 2018).

### B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds that an overall reduction to the hours billed is necessary for several reasons. First, in the undersigned's experience there is an excessive amount of interoffice

communication between Ms. Chin-Caplan and Mr. Mason. The undersigned suspects this is largely related to Ms. Chin-Caplan providing mentorship to Mr. Mason throughout the case due to the wide difference in experience between the two attorneys. While the undersigned is cognizant that Mr. Mason's involvement in this case has helped keep the overall costs lower because his hourly rate is much less than that of Ms. Chin-Caplan, the interoffice communication has led to hours being billed that, absent the involvement of two attorneys, would not have to be billed. Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009); Raymo v. Sec'y of Health & Human Servs., 129 Fed.Cl. 691, 703-704 (2016); Rice v. Sec'y of Health & Human Servs., No. 15-1335V, 2018 WL 4784563, at*2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018).

Second, many of Ms. Chin-Caplan's billing entries (particularly those earlier in the case) are vague. Entries for reviewing records do not mention which particular records were being reviewed and entries for communication with Petitioner do not mention the subject of the communication. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). Overall, the vagueness of these entries makes it difficult for the undersigned to assess their reasonableness. Ms. Chin-Caplan has been previously criticized for creating vague entries.  See Abbott v. Sec'y of Health & Human Servs., No. 10-485V, 2017 WL 2226614, at *6 (Fed. Cl. Apr. 26, 2017), mot. for rev. denied, 135 Fed. Cl. 107, 111-12 (2017).

Finally, some of Mr. Mason's billing entries related to obtaining medical records and personnel and payroll records for petitioner are better categorized as paralegal tasks. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work.  See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties.")

Therefore, the undersigned is reducing the requested attorneys' fees by $3,547.16, representing ten percent of the attorneys' fees requested in order to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-

255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing <u>Fox v. Vice</u>, 563 U.S. 826, 838 (2011). However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues. <u>See, e.g.</u>, <u>Burgos v. Sec'y of Health & Human Servs.</u>, No.16-903V, 2022 WL 1055355, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2022).

Petitioner is therefore awarded final attorneys' fees of $31,924.44.

### C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $325.13 in costs, comprised of acquiring medical records and postage. Fees App. at 27-28. Petitioner has provided adequate documentation supporting these costs and all appear reasonable in the undersigned's experience. Additionally, petitioner has indicated that she has personally incurred costs of $400.00 for the Court's filing fee. This cost is also reasonable and shall be awarded. Petitioner is therefore awarded the full amount of costs sought.

### D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a lump sum of **$32,249.57** (representing $31,924.44 in attorneys' fees and $325.13 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Ms. Sylvia Chin-Caplan; and

2) a lump sum of **$400.00**, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master